IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 JUL -5 P 4: 23
CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| ERIC DRAPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-037 |
| | ) | |
| LINDA HOBBS, Officer, Wheeler Correctional Facility, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Eric Draper commenced the above-captioned *pro se* case pursuant to 42 U.S.C. § 1983 and is proceeding *in forma pauperis* ("IFP"). As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). While pleadings drafted by *pro se* litigants are construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names as Defendants: (1) Linda Hobbs, Officer, Wheeler Correctional Facility ("WCF"); (2) Dr. FNU Sightler, WCF; (3) FNU Bowens, Nurse, WCF; (4) FNU Kuntz, Nurse, WCF; (5) Harvey Byrd, Unit Manager, WCF; (6) FNU Delong-Gay, Nurse, WCF; (7) Carl Roghelia, Counselor, WCF; (8) Ms. FNU Aldrich, Mail Room Officer, WCF; and (9) Ms. FNU Fowler, Mail Room Officer, WCF. (Doc. no. 1, pp. 1-4).

Plaintiff submits that a December 15, 2003 incident at WCF resulted in numerous violations of his constitutional rights. (Id. at 4). According to Plaintiff, Defendant Hobbs injured Plaintiff by closing a moving gate on him. (Id.). Plaintiff contends that Defendant Bowens, the nurse who examined him, and Defendant Kuntz, a nurse who witnessed him crying from pain, denied him access to a doctor. (Id.). As a result of the pain, Plaintiff states that he was unable to stand during inspection, so Defendant Byrd placed him in segregation, causing him to miss a doctor's appointment. (Id.). Plaintiff maintains that Defendant Sightler did not examine him until forty-five (45) days after the alleged incident involving the gate and refused to send him to an outside hospital. (Id.). From January 2004 until February 2005, Plaintiff asserts that Defendant Delong-Gay refused to properly treat him, and that on May 6, 2004, she refused to examine him, even though she treated a caucasian inmate. (Id. at 4-5).

Furthermore, Plaintiff contends that Defendant Roghelia threatened and harassed him, for unknown reasons, from August until October 2004, when he checked himself into protective custody. (Id. at 5). Lastly, Plaintiff also alleges that on December 23, 2003,

2

Defendant Fowler returned mail from Johnny Cochran opened and marked undeliverable, and that Defendant Aldrich took documents from his mail on January 5, 2005. (Id.).

As relief, Plaintiff requests that the Court issue a declaratory judgement stating that Defendants violated his constitutional rights. (Id. at 6). Furthermore, Plaintiff seeks $3,000,000.00 in damages for medical losses, medical fees, and the cost of this lawsuit. (Id.). Lastly, Plaintiff asks for other relief as it may appear that he should receive. (Id.).

## II. DISCUSSION

Plaintiff's complaint refers to numerous incidents dating between December 15, 2003 and February 2005. However, Plaintiff did not file the instant complaint until June 5, 2007, more than two (2) years after the last alleged incident.[1] Claims brought pursuant to 42 U.S.C. § 1983 are subject to dismissal under the applicable two-year statute of limitations in Georgia. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under 42 U.S.C. § 1983, federal law determines the date of accrual. Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996); Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980). Under 42 U.S.C. § 1983, claims accrue when the plaintiff knows or has reason to know that he was injured, and he must be aware or should be aware who injured him. Rozar, 85 F.3d at 562.

---

[1] The Court construes the date upon which Plaintiff signed his complaint as the operative date of filing for statute of limitations purposes. See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999); Garvey v. Vaughn, 993 F.2d 776, 780-82 (11th Cir. 1993).

As all of the events described in Plaintiff's complaint occurred more than two (2) years before the date he executed the instant complaint, Plaintiff's claims are clearly time-barred. Thus, Plaintiff fails to state a claim upon which relief may be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of July, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE